## CHAPPEL ET AL. v. BREWSTER.

A. devises an estate to his son Noah, and his male heirs forever. This is an absolute estate in the sons of the devisee.

ACTION of disseisin. The general issue being pleaded, was joined to the court.

The case was — Caleb Chappel died the 14th of March, 1733, and his last will, among other things, contained the following devise of the land in question, viz.— " The remaining part of said farm, I give and bequeath to my well beloved son Noah, and his male heirs forever; so that it may remain in the name of the Chappels forever."— Noah, the devisee, had three sons, viz. Noah, Andrew, and Simeon, and died intestate: Those three sons conveyed their several rights to Joshua Chappel, and his heirs, with covenants of seisin and warrantee; — Joshua conveyed to his daughter Abigail, wife of Ichabod Bosworth; — on the 30th of December, 1773, Bosworth and his wife conveyed to the defendant.— Andrew Chappel died without issue; — Simeon is still living.— Noah Chappel, the 2d, died, leaving two sons, Noah and Amaziah,

the present plaintiffs, who claim the seisin and possession of twenty-one acres, parcel of the land devised as aforesaid.

Mr. Larrabee and Mr. Bissel, for the plaintiffs, contended — That the devise created an estate in fee-tail made general; and that neither of the donees in tail have right to alien longer than for his own life: That the late statute of this state, respecting limited estates,* cannot have a retrospective view; it can only operate *in futuro*.—All estates heretofore created, must continue to exist according to the condition annexed, or the will of the donor; and therefore not affected donee; for the late statute is not an alteration of the common law of England antecedent to the statute *de donis*, and have taken place in this state before our late statute, as part of the common law of the land.

It was contended, by Mr. Huntington and Mr. Tisdale, for the defendant — That if the estate devised be an estate tail, it cannot be limited any further than to the heir of the first donee; for the late statute is not an alteration of the common law of this state, but is merely in confirmation of it; and therefore has the same operation upon entailments created before as after. The estate in question, then, is well conveyed to the defendant.

That the doctrine of fee-simple conditional, and fee-simple absolute, as they were anciently held in England, and entailments, by virtue of the statute *de donis*, could never have

---

* By the statute referred to, it is enacted,—"That no estate, either in fee-simple, fee-tail, or any lesser estate, shall be given by deed or will to any person or persons, but such as are in being, or to the immediate issue, or descendants of such as are in being at the time of making such deed or will: And that all estates given in tail, shall be and remain an absolute estate in fee-simple, to the issue of the first donee in tail."

any force in this state, being opposed to the nature of our tenures, and against the reason and policy of our law. 2 Blackstone's Com. 110, 118.— 2 Bacon's Abrid. 79, 80.

That estates tail are always descendible, but confined to a particular line of descent, which is not the present case; but the estate devised is to all the male heirs of the name of Chappel; therefore it cannot be made to take effect in the latitude here contended: And that estates tail are always divided from the fee-simple, and there always is a reversion, until the particular estate is united with the reversion, and so again becomes a fee-simple: But there is no reversion or remainder in this case, the whole estate continues entire, and carries the fee-simple with it; therefore, this is not that kind of estate, which, even by the British law, would be unalienable. 1 Bacon's Abrid. 400.

Judgment was for the defendant by the whole court.